1   William M. Fitzgerald, Esq.
    LAW OFFICES OF WILLIAM M. FITZGERALD
2   2nd Fl. Macaranas Bldg., Garapan Beach Road
    P.O. Box 500909
3   Saipan, MP  96950
    Telephone:    (670) 234-7241
4   Fax:          (670) 234-7530
    Email:        fitzgerald.law@gmail.com
5

6   Attorney for Plaintiff

7

8              IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN MARIANA ISLANDS
9

10  JOSHUA GRAY,                      CIVIL CASE NO. 19-**00008**

11                   Plaintiff,

12           v.

13                                    **COMPLAINT**
    IMPERIAL PACIFIC INTERNATIONAL
14  (CNMI), LLC,

15                   Defendant.

16

17

18                         **INTRODUCTION**

19       1.      This is an action of a civil nature involving exclusive of interests and costs, a sum

20  in excess of $75,000.  Every issue of law and fact is wholly between citizens of different states

21  for diversity purposes.

22                          **JURISDICTION**

23       2.      This Court has jurisdiction pursuant to the provisions of 28 U.S.C. § 1332(a)(2).

24                            **VENUE**

25       3.      Venue is proper, pursuant to 28 U.S.C. § 1391(b)(2), because the events giving

26  rise to this cause of action occurred in the Commonwealth of the Northern Mariana Islands.

27

28

                                    1

## PARTIES

4.      Plaintiff Joshua Gray is a citizen of the Commonwealth of the Northern Mariana Islands.

5.      Defendant Imperial Pacific International (CNMI), LLC ("Imperial Pacific") is a Limited Liability corporation whose sole member is Best Sunshine International Limited ("BSI"), a British Virgin Islands corporation.

## FACTS

6.      Defendant Imperial Pacific, instituted and operates Best Sunshine Live, a casino and training platform, training casino workers to ultimately service its permanent casino, now being constructed in Saipan.

7.      At all times mentioned herein, Plaintiff has had a distinguished career in the hotel industry, working in Las Vegas and Honolulu, before his employment with defendant Imperial Pacific.

8.      In July 2015, Plaintiff was recruited by Defendant Imperial Pacific to work as Director of Operations.

9.      Plaintiff, at the time of his termination was working pursuant to a contract dated May 8, 2017, that contemplated the duration of Plaintiff's employment to be for such period that his work was satisfactory and until the date of his termination, his work, on behalf of defendant, was not only satisfactory, but exemplary and was performed professionally and competently, Plaintiff receiving absolutely no complaints from defendant Imperial Pacific, but rather, a promotion.

10.      In late 2017, Plaintiff complained to Imperial Pacific management that Imperial Pacific was violating the immigration law and public policy of the CNMI by failing to hire qualified U.S. and local applicants for jobs, instead, implementing a policy of recruiting non-U.S.

citizens solely from Asian countries and employing them instead of qualified U.S. and CNMI citizens.

11.    Plaintiff complained about these and other violations of law, and informed Imperial Pacific that it had to stop these practices and conform to the law.

12.    It was common knowledge and understood that Imperial Pacific's U.S. citizen employees were not to apply for jobs posted on the CNMI Job Vacancy Announcement ("JVA") website for executive level positions  because these jobs were to be filled by Chinese or non-U.S. citizens.

13.    Imperial Pacific did not receive Plaintiff's complaints well, but conditioned his continued employment upon his ceasing his complaints about their immigration policy, which Plaintiff refused to do.

14.    Defendant Imperial Pacific terminated Plaintiff because he complained about and refused to participate in or acquiescence to illegal acts by Imperial Pacific, even though he was simply complying with his legal duty.

15.    Plaintiff, in good faith, believed these actions of Imperial Pacific to be violations of law and the public policy of the United States and the CNMI, and that by bringing these actions to the attention of Imperial Pacific management, he was acting in the best interests of the company, as well as the people of the CNMI and the United States.

16.    Plaintiff's employment continued until January 24, 2019, when Defendant Imperial Pacific breached the contract's covenant of good faith and fair dealing and violated public policy, by terminating Plaintiff, without reason or justification, in retaliation for his numerous complaints about Imperial Pacific's violation of U.S. immigration laws, all in violation of the public policy of the United States and the CNMI.

17.     Defendant Imperial Pacific provided no basis or reason for the termination of Plaintiff, an outstanding employee, who had received a promotion and done nothing to merit termination, and the termination was clearly in retaliation for Plaintiff's complaints about and refusal to go along with Defendant Imperial Pacific's violations of law.

**FIRST CAUSE OF ACTION**
**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
**(IMMIGRATION VIOLATIONS)**

18.     Plaintiff restates and realleges as if fully set forth herein paragraphs 1 through 17.

19.     Defendant Imperial Pacific, on January 24, 2019, illegally terminated Plaintiff from his employment because of Plaintiff's complaints and reports of Defendant Imperial Pacific's violation of immigration laws evidenced by a pattern and practice of rejecting qualified U.S. applicants in favor of applicants from Asian countries.

20.     Plaintiff believed these actions of Imperial Pacific to be illegal and violations of public policy and that he was acting in the best interest of his employer by bringing them to its attention and demanding that they be stopped.

21.     As a proximate result of this wrongful termination in violation of public policy, Plaintiff was caused to suffer, and continues to suffer, from lost wages and other consequential damages, including, *inter alia*, damages for anxiety, severe emotional distress according to proof to be presented at trial.

22.     Defendant Imperial Pacific did the things hereinabove alleged, intentionally, oppressively, and maliciously, with an evil and malevolent motive to injure Plaintiff. These acts, which resulted in Plaintiff's wrongful termination against public policy, violated his contract of employment's implied covenant of good faith and fair dealing and were obnoxious, despicable, and ought not to be suffered by any member of the community.

23.    All actions of Defendant Imperial Pacific, its employees and agents, and each of them as herein alleged, were intentional and malicious and were known, ratified and approved by the officers or managing agents of defendant Imperial Pacific and plaintiff is, therefore, entitled to punitive or exemplary damages against the defendant Imperial Pacific, in an amount to be determined at the time of trial.

**SECOND CAUSE OF ACTION**
**(WRONGFUL FAILURE TO HIRE)**

24.    Plaintiff restates and realleges as if fully set forth herein paragraphs 1 through 23.

25.    On or about June 2016, Plaintiff applied for the position of Vice President of Hotel Operations, which Imperial Pacific knew and was aware that he was eminently qualified to fulfill.

26.    Plaintiff was never given an interview pursuant to his application for the position even though he was the most qualified, but instead, Imperial Pacific simply gave the position to Eddy Ram, a citizen of Singapore.

27.    Defendant Imperial Pacific was required under CNMI and U.S. law to consider available and qualified U.S. citizens before hiring non-U.S. citizens, but failed to follow this law, conducted no interview with Plaintiff and then, without any explanation, gave the position to a non-U.S. citizen, even though a qualified U.S. citizen was available.

28.    Defendant Imperial Pacific's actions in hiring a non-U.S. citizen instead of an available and qualified U.S. citizen violated U.S. law and public policy of the CNMI and the United States, which promotes employment of U.S. citizens.

29.    As a proximate result of this wrongful violation of U.S. law and public policy, Plaintiff was caused to suffer, and continues to suffer from lost wages and other consequential damages, including, *inter alia*, damages for anxiety and severe emotional distress.

5

30.    Defendant Imperial Pacific did the things hereinabove alleged, intentionally, oppressively, and maliciously, with an evil and malevolent motive to injure Plaintiff.  These acts, which resulted in Imperial Pacific's hiring a non-U.S. citizen for a position that a qualified U.S. citizen had applied for were not only a violation of law, but also were obnoxious, despicable, and ought not to be suffered by any member of the community.

31.    All actions of Defendant Imperial Pacific, its employees and agents, and each of them as herein alleged, were intentional, malicious, known, ratified and approved by the officers or managing agents of Defendant Imperial Pacific and Plaintiff is, therefore, entitled to punitive or exemplary damages in an amount to be determined at the time of trial.

### THIRD CAUSE OF ACTION
### (WRONGFUL FAILURE TO HIRE)

32.    Plaintiff restates and realleges as if fully set forth herein paragraphs 1 through 31.

33.    On or about March 2017, Plaintiff applied for the position of Vice President of Talent and Property Management, which Imperial Pacific knew and was aware that he was eminently qualified to fulfill.

34.    Plaintiff was never given an interview pursuant to his application for the position even though he was the most qualified, but instead,  simply gave the position to Albert Ng, a citizen of Singapore.

35.    Defendant Imperial Pacific was required under CNMI and U.S. law to consider available and qualified U.S. citizens before hiring non-U.S. citizens, but failed to follow this law, conducting no interview with Plaintiff and then, without any explanation, gave the position to a non-U.S. citizen, even though a qualified U.S. citizen was available.

36. Defendant Imperial Pacific's actions in hiring a non-U.S. citizen instead of an available and qualified U.S. citizen violated U.S. law and public policy of the CNMI and the United States, which promotes employment of U.S. citizens.

37. As a proximate result of this wrongful violation of U.S. law and public policy, Plaintiff was caused to suffer, and continues to suffer from lost wages and other consequential damages, including, *inter alia*, damages for anxiety and severe emotional distress.

38. Defendant Imperial Pacific did the things hereinabove alleged, intentionally, oppressively, and maliciously, with an evil and malevolent motive to injure Plaintiff. These acts, which resulted in Imperial Pacific's hiring a non-U.S. citizen for a position that a qualified U.S. citizen had applied for were not only a violation of law, but also were obnoxious, despicable, and ought not to be suffered by any member of the community.

39. All actions of Defendant Imperial Pacific, its employees and agents, and each of them as herein alleged, were intentional and malicious and known, ratified and approved by the officers or managing agents of Defendant Imperial Pacific and Plaintiff is, therefore, entitled to punitive or exemplary damages in an amount to be determined at the time of trial.

**FOURTH CAUSE OF ACTION**
**(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**

40. Plaintiff restates and realleges as if fully set forth herein paragraphs 1 through 39.

41. As a fourth, separate, and distinct cause of action, Plaintiff complains against defendant Imperial Pacific, and realleges all the allegations contained in the complaint, and incorporates them by reference into this cause of action as though fully set forth herein.

42. The conduct complained of hereinabove was outside the conduct expected to exist in the workplace, was intentional and malicious and done for the purpose of causing Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress. Defendant Imperial

7

Pacific confirmed and ratified the complained of conduct, with the knowledge that Plaintiff's emotional and physical distress would thereby increase, and this was done with a wanton and reckless disregard of the consequences to Plaintiff.

43.    As a proximate result of Defendant Imperial Pacific's intentional infliction of emotional distress as hereinabove alleged, Plaintiff has been harmed, in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and health. As a result of said distress and consequent harm, Plaintiff has suffered such damages in an amount in accordance with proof at time of trial.

44.    All actions of Defendant Imperial Pacific, its employees and agents, and each of them as herein alleged, were intentional and malicious and known, ratified and approved by the officers or managing agents of Defendant Imperial Pacific and Plaintiff is, therefore, entitled to punitive or exemplary damages in an amount to be determined at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for damages against the Defendant as follows:

1.    For actual damages in an amount to be proven at trial.

2.    For punitive damages to be determined at trial; and

3.    For such other and further relief as the court deem appropriate.

DATED this ___17___ day of April, 2019.

LAW OFFICE OF WILLIAM M. FIZGERALD

William M. Fitzgerald, Esq.
Attorney for Plaintiff

8