STEPHEN J. NUTTING
Law Office of Stephen J. Nutting
P.O. Box 5093
Saipan, MP 96950
Telephone No.: (670) 234-6891
Email: stephen_nutting@yahoo.com
Attorney for Defendant.

# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOSHUA GREY,<br><br>Plaintiff,<br><br>v.<br><br>IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,<br><br>Defendant. | Civil Case No.: 1:19-CV-00008<br><br>**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS AGAINST IPI** |

COMES NOW IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC, by and through its attorney of record, Stephen J. Nutting to provide the following Memorandum in response to Plaintiff's Motion for Sanctions against IPI for allegedly violating the Court's Order relative to discovery.

INTRODUCTION.

The below signed attorney entered an appearance in this matter on or about August 19, 2020, substituting in for former counsel, George Hasselback. Within days of entering an appearance, Plaintiffs began scheduling motions for depositions in this action, even though the deadline of discovery had passed. Defendant filed a motion for a protection, which was ultimately denied, and defendant was ordered to respond to outstanding discovery requests

-1-

within 14 days of the date of the hearing.  Given the short time frame involved, Counsel immediately hired an assistant, Ms. Francine Agulto, (a title researcher from Pacific American Title) to assist in the coordination of discovery.  I immediately determined that the only point person at IPI to conduct discovery searches was a woman who had worked in the Human Resources Department, Ms. Redie Dela Cruz.  I asked Ms. Agulto to contact her and provide her with copies of the discovery requests and advise her of the deadline we were facing. (*See* Declaration of Francine Agulto and Redie Dela Cruz.

Over the next two weeks, Redie and Francine worked to locate documents and to correlate them to the individual discovery requests.  Those reports were timely submitted to the plaintiff's counsel.[1]  Admittedly, the documents produced were incomplete given the short time period required.  As Plaintiff's counsel has accurately stated, we continued to meet and confer and to provide other documents requested over the next several months.

At the same time, Plaintiff's counsel attempts to paint a picture of a company defendant, who is doing everything in its power to avoid its obligations under the discovery rules and order, and to purposely avoid producing discovery.  In doing so they makes a number of very inaccurate and unsupported claims:

1. That in July of 2020 IPI cut off its internet service preventing Ms. Dela Cruz from searching IPI's e-mail servers.  While IPI may have cut off its internet service, there is no indication that it did so to prevent discovery in this action as Plaintiff's Request for Production was not even filed until July 17.

2.   That Ms. Dela Cruz did not even receive copies of the request for production until sometime in October 2020.  *See* Plaintiff's Memorandum at Page 8.  Ms. Dela Cruz actually received the discovery requests on September 4, 2020, only one (1) day after the court issued its discovery order.  (*See* Declaration of Redie Dela Cruz).

---

[1] Because of the size of the documents produced, they were placed in a "Dropbox" program and submitted to the Plaintiff's attorneys.  Plaintiff's attorneys were unable to download or read the documents, however.  I provided Plaintiff's counsel with a flash drive of the documents on the next business day.

3. That Donald Browne purposely and "selectively" furloughed Redie Dela Cruz, to stop her from responding to discovery. Ms. Dela Cruz and a number of employees were "furloughed" from IPI because their salaries had remained unpaid and Mr. Browne had advised that it was illegal for them to continue working while not being paid.

4. That Ms. Dela Cruz was not provided adequate instruction, guidance, or given the necessary assistance needed. Ms Dela Cruz admitted in her deposition that she was not given any instruction on her duty to "preserve and protect" E-Discovery. Ms. Dela Cruz submits that this was not necessary as she was well aware that IPI had hired a third party to download and copy all electronic documents from IPI's computers and servers, and as a result it was not necessary for her to be so advised. Moreover, in her efforts to locate discovery, she was personally assisted by the CEO of IPI, Donald Browne, Ms. Remy Mafnas, a paralegal from the Law Office of Michael Dotts, and Ms. Francine Agulto.

The fact of the matter is that from approximately September 18 through mid-December 2020 IPI, produced 535 documents, consisting of 2,125 pages in response to the Interrogatories and Production of Documents propounded by the Plaintiff. Four individuals were involved in this task, Redie Dela Cruz, Remy Mafnas, Donald Browne and Francine Agulto. In addition to the production of documents, Interrogatories were answered, and at least five depositions were taken, Donald Browne (twice); Redie Dela Cruz (twice), Magdalena Attao, Don Hallmark[2], and Henan Ma.[3]

To suggest that IPI should be sanctioned for its failure to provide discovery is without basis. This is not to say that there is not additional discovery which could be pursued. No ESI discovery has taken place; not because IPI has refused to perform, but because the Plaintiff has not worked to reach an agreement as to search terms in order to conduct such discovery.

---

[2] Magdalena Attao worked in Human Resources and Don Hallmark worked in electronic gaming and was a friend of the Plaintiff.

[3] In his complaint, MR. Gray claims that a Chinese national named Lucy Guo took over his position when he was let go in January of 2019. It was learned, however, that Lucy Guo did not take over Josh's position, but Henan Ma, a bilingual American citizen, assumed many of the tasks that Josh might otherwise have been assigned.

Plaintiff has failed to do so despite repeated requests of the Defendant to meet and confer on this issue. (*See* Deposition of Donald Browne)

PRODUCTION OF DOCUMENTS IS COMPLETE, PLAINTIFFS MUST MEET AND CONFER AND TO AGREE TO SEARCH TERMS TO CONDUCT E-DISCOVERY.

Redie Dela Cruz and Donald Browne submit that they have located all documents which might be responsive to Plaintiff's requests as can be found in the files maintained by IPI on Saipan. All other responsive discovery, including e-mails, text messages, and "We Chat" messages and videos, if any, must be discovered through a "Boolean" search of the electronic data which has been preserved and protected as required by Court Rule.

In *Pyle v. Selective Ins. Co. of Am.*, No. 2:16-CV-335, 2016 WL 5661749, at *1 (W.D. Pa. Sept. 30, 2016) Plaintiff's counsel served Defendant with a Request for Production of Documents which sought "all emails, correspondence, memorandum, and/or other documents" from various Selective employees relating to Plaintiff's employment. Defendant responded by providing some relevant documents and also advised Plaintiff that "[i]n addition to the documents produced, additional email archives for various Selective employees have been retrieved." As a result, Defendant requested that the Plaintiff agree to appropriate electronic search terms to be used to locate any relevant documents. The Court noted that "for some inexplicable reason," Plaintiff's counsel refused. Defendant ultimately filed a motion to compel *Plaintiff* to provide ESI search terms. Plaintiff responded that there was no authority to support the defendant's request, or "identified any burden that it faces in locating and producing the requested e-mails. The Court ruled:

> Plaintiff's argument totally misses the mark; in fact, it borders on being incomprehensible. Far from being baseless, Defendant's request is entirely consistent with both the letter and spirit of the Federal Rules of Civil Procedure regarding the discovery of electronically stored information and this Court's Local Rules. It is well settled by now that "electronic discovery should be a party-driven process." Romero v. Allstate Ins. Co., 271 F.R.D. 96, 109 (E.D. Pa. 2010) (internal citation omitted). The Federal Rules expressly require counsel to meet and confer on "any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced[.]" Fed. R. Civ. P. 26(f)(3)(C). "Among the items about which the court expects counsel to 'reach practical agreement' without the court having to micro-manage e-discovery are 'search terms, date ranges, key players and the like.' " Romero, 271 F.R.D. at

109 (quoting Trusz v. UBS Realty Investors LLC, 2010 WL 3583064, at *4–5 (D. Conn. Sep. 7, 2010)). Indeed, this principle is incorporated into this Court's Local Rules, which direct counsel to "meet and confer, and attempt to agree, on the discovery of ESI, including...an ESI search protocol, including methods to filter data, such as application of search terms or date ranges." LCvR 26.2(C). Accordingly, Defendant's motion is GRANTED insofar as it seeks to compel Plaintiff to confer and come to an agreement on the search terms Defendant will use to cull through the additional email archives that Defendant has identified as having been retrieved.

*Id.*

Indeed, on a number of occasions,[4] Plaintiffs have been advised that they need to meet and agree on appropriate search terms to recover responsive documents from the ESI data that has been stored. Rule 26(f)(3)(C) requires that any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced, must be included as a part of a discovery plan.

Plaintiff continues to complain of Defendant's failing to provide ESI. That failing is largely, if not wholly, of Plaintiff's making. Without an agreement as to search terms, IPI respectfully submits that it has no duty to conduct such a search. Moreover given the fact that there is maybe two terabytes of information to cull through, no one could be expected to do so manually. Plaintiff simply has no reason to complain that it has not received any e-mails, text messages or We Chat messages which are relevant to his requests for production, without the necessary agreement.

CONCLUSION

Discovery should not be used as a bludgeon to force parties to surrender under threats of sanctions and ultimate default. Over the preceding three months, IPI has spent uncounted hours in locating documents which were applicable to Plaintiff's discovery requests in all of the files and records located throughout all of the departments of the company. They have certified that

---

[4] Counsel believes that the issue was raised in open court on at least one occassion and recalls raising the issue at at least two depositions. The issue was acknowledged by Plaintiff's counsel, but no action was taken by either of the parties thereafter.

there are no further physical documents to produce.   If the Plaintiff really wants to see what ESI texts, e-mails, WeChat's, videos and recordings might exist relevant to his claims or requests for production, it will be necessary for the parties to meet and agree on appropriate search terms designed to locate those relevant documents.   IPI should not be sanctioned for failing to manually cull through two terabytes of data, to see if any other materials remain in its possession, (which are actually in possession of a third-party) are relevant to Plaintiff's claims.  Defendant respectfully requests that the Plaintiff's motion be denied.

Respectfully submitted this 18th day of January, 2021.

LAW OFFICE OF STEPHEN J. NUTTING


_____/s/_____
STEPHEN J. NUTTING (Bar No. F0164)