F I L E D
Clerk
District Court
OCT 12 2021
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

JOSHUA GRAY,

                Plaintiff,

v.

IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,

                Defendant.

CIVIL CASE NOS. 1-19-cv-00008 and
1-19-cv-00020

**MEMORANDUM DECISION
ON ENTRY OF DEFAULT PURSUANT
TO RULE 37 AGAINST IPI**

On April 8, 2021, the Court entered default against Defendant Imperial Pacific International (CNMI), LLC ("IPI") pursuant to Federal Rule of Civil Procedure 37 after finding IPI in contempt of court for its repeated discovery violations after multiple hearings on the matter. (Min., ECF No. 79.) This occurred after IPI was issued an order to show cause on why default should not be entered against it pursuant to Federal Rule of Civil Procedure 37(b)(2) for violating the Court's February 4, 2021 discovery order. (Discovery Order, ECF No. 58 (memorializing February 4 proceedings); Order to Show Cause, ECF No. 67.) This was IPI's second finding of contempt regarding the same underlying discovery request; the first was on February 4, 2021 after IPI failed to comply with the Court's September 2020 discovery order. (Min., ECF No. 56; Min., ECF No. 43.) Given IPI's continued failure to comply with the Court's discovery order for more than six months, and having considered the parties' submissions, counsels' arguments, and the entirety of IPI's discovery conduct, the Court ordered an entry of default against IPI (Min., ECF No. 79). The Court issued a written order the following day directing that IPI's answer be stricken and that default be entered against IPI in Case Nos. 19-cv-00008 and 19-cv-00020. (Order Striking Answer and Entering

Default, ECF No. 80.) The Court now issues this decision memorializing its reasons for such a harsh sanction.

## I. BACKGROUND

Plaintiff Joshua Gray ("Gray") filed his initial action with this Court in 2019, alleging that Defendant IPI (1) wrongfully terminated him in January 2019 in violation of public policy because of his complaints of IPI's violation of immigration laws, and (2) wrongfully terminated him in violation of 42 U.S.C. § 1981 on the basis of him being an African American and a U.S. citizen. (SAC ¶¶ 29-38, ECF No. 19.) Plaintiff alleges that IPI gave his responsibilities over to Lucy Guo, a Chinese woman and a non-U.S. citizen. (*Id.* ¶ 24.) Plaintiff then filed another complaint against IPI alleging employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e *et. seq.*), which was consolidated with this matter. (Compl. ¶¶ 33-48, ECF No. 1, Civil Action 1:19-cv-00020; Order Consolidating Cases, ECF No. 26.)

The Court subsequently entered a scheduling order on January 13, 2020, which set the fact discovery deadline to July 17, 2020. (Scheduling Order, ECF No. 28.) However, in light of the outbreak of the COVID-19 pandemic and the change of IPI's attorneys, these deadlines were modified. Specifically, on June 10, 2020, IPI's then counsel Kelley Butcher moved to withdraw as counsel. (Mot. to Withdraw, ECF No. 33.) At a status conference held afterwards, the Court kept the scheduling order, but informed the parties it would accept the request to modify it after the parties hold a meet and confer to discuss amending the scheduling order given the current events. (Min., ECF No. 34.) The Court subsequently granted Butcher's motion to withdraw on July 2, 2020 (Min., ECF No. 36), and on July 10, 2020, George Hasselback filed his notice of appearance for IPI (ECF No. 37).

Thereafter, Gray served IPI his first set of interrogatories and requests for documents on July 17, 2020. (Fitzgerald Decl. ¶ 2, ECF No. 52-1), and IPI's response was to be due no later than

August 17, 2020.[1] However, a few days before the deadline, on August 14, 2020, Gray granted IPI's attorney an additional week to respond to discovery. (Fitzgerald Decl. ¶ 3, ECF No. 52-1.) On August 20, 2020, a few days before the extended deadline, Stephen Nutting filed a notice of appearance for IPI, and Hasselback filed a motion for substitution of counsel the day after, which the Court approved. (ECF Nos. 38, 39, 40.) However, instead of responding to the discovery requests by the extended deadline, IPI filed a motion for a protective order against the pending discovery requests, including noticed depositions. (ECF No. 41.)

A hearing was held on September 3, 2020, during which time the Court denied IPI's motion for a protective order for having no basis. (Min., ECF No. 43.) The Court then ordered that IPI submit its responses to Gray's interrogatories and requests for production by September 17, 2020. (*Id*.) However, instead of complying with the Court's first discovery order, IPI gave woefully inadequate responses to the discovery requests one date late. (Fitzgerald Decl. ¶ 2, ECF No. 52-1; Ex. A, Defendant's Response to RFP, ECF No. 52-2.) When Gray deposed IPI's representative and then Chief Executive Officer Donald Browne on September 29, 2020, Browne admitted that there were discovery deficiencies. (Fitzgerald Decl. ¶ 2, ECF No. 52-1; Ex. F, Excerpts of 9/29/20 Dep. of Browne, ECF No. 55-2; Ex. G, Excerpts of 9/30/20 Dep. of Browne, ECF No. 55-3; Brown Decl. ¶ 2, ECF No. 54-1.)

On November 13, 2020, the parties met and conferred to discuss some of the discovery deficiencies, during which time the parties agreed to limit Request for Production No. 3, which sought CW-1 and H1-B visas filed with the United States Citizenship and Immigration Services (USCIS) between February 2015 and February 2019, to only those for "directors and above" and for which IPI was to produce requested discovery documents by November 30, 2020. (Fitzgerald

---

[1] The 30-day deadline fell on a Sunday, August 16, 2020.

Decl. ¶ 10, ECF No. 52-1; Ex. D, Email to Nutting 11/13/2020, ECF No. 52-5.) While IPI did produce additional discovery by the deadline, its production was still inadequate. As to Request No. 3, it only provided CW-1 *approval* notices filed in 2018. (Fitzgerald Decl. ¶ 13, ECF No. 52-1.)

On December 3, 2020, the parties met and conferred again, in which Gray reiterated to IPI that it should produce documents responsive to Request for Production Nos. 1-6, 9-12, and 21-22 by December 9, 2020, along with ESI data including emails, WhatsApp messages, and WeChat messages. (Fitzgerald Decl. ¶¶ 14-16, ECF No. 52-1; Ex. E, Email to Nutting 12/3/2020, ECF No. 52-6.) Gray reiterated that he sought documents pertaining to IPI's policy and procedures for hiring United States and non-United States citizens (Request for Production Nos. 1 and 2); regarding the CW-1 and H1-B visas submitted to USCIS (Request No. 3); related to Human Resources policy and procedures, employee evaluation, and training (Request Nos. 4 to 6); discussing Gray's termination (Request Nos. 9 and 22); related to Lucy Guo's hiring and assumption of Gray's duties (Request Nos. 10 and 11); and regarding the floating hotel project (Request No. 21). (*See* Ex. A, IPI's Responses to Request for Productions, ECF No. 52-1.)

Even by this deadline, however, IPI failed to fully comply with discovery. When Gray deposed IPI's Human Resources representative Redie Dela Cruz on December 15, 2020, Cruz admitted that some documents that were in possession were not tendered to Gray. (Fitzgerald Decl. ¶ 24, ECF No. 52-1; Ex. H, Excerpts of Dep. of Redie Dela Cruz, ECF No. 55-4.) Thus, after these various failed attempts to obtain discovery, Gray filed a motion to compel and for sanctions on December 31, 2020. (Notice of Motion, ECF No. 53; Mot. for Sanctions, ECF No. 52.)

The Court held a hearing on the motion on February 4, 2021 and granted Gray's motion to compel and for sanctions. (Min., ECF No. 56.) During the motions hearing, IPI's counsel, Mr. Nutting, conceded that IPI's discovery responses were woefully inadequate given that there was

not enough time to produce everything. (Transcript of Mot. to Compel Hearing ("Tr.") at 10:15–10:20, ECF No. 57.) The Court was also appalled that counsel Mr. Nutting was in possession of a list of employees to be terminated—responsive to Request for Production Nos. 9 and 22—since December 3 that was never tendered to Gray for over two months. (Tr. at 10:21–14:11.) Given IPI's failure to comply with discovery, the Court found IPI in contempt. (Tr. at 14:22.) The Court therefore ordered that IPI: (1) produce the list of IPI personnel by noon that day; (2) identify ESI sources no later than February 11, 2021; (3) produce non-ESI documents including Request Nos. 1-6, 9-11 and 21-22 (including the USCIS CW-1 and HB-1 original and renewal applications for directors and above between February 1, 2015 and February, 28, 2019[2]) by February 18, 2021; (4) submit amended declarations of Donald Browne and Redie Dela Cruz by February 18, 2021 given their prior declarations' inconsistencies with their deposition testimonies; and (5) have counsel file a certification of compliance by February 19, 2021—which the Court memorialized in a written order on February 17, 2021. (Min., ECF No. 56; Written Order, ECF No. 58.) The Court also warned IPI during the motion hearing that if IPI fails to comply with the Court's order, the Court could enter default as a sanction. Specifically, the Court warned IPI that:

> [I]f IPI fails to comply with these discovery orders, the Court may consider more severe sanctions, which, again, includes directing that designated facts be taken as established for purposes of this action or prohibiting IPI from supporting or opposing any designated claims or defenses. Or even striking IPI's answer in whole or in part, or entering a default against IPI. These are permissible options under Rule 37.

(Tr. at 56:20–57:2.)

Despite February 11, 2021 being the deadline on which IPI was to identify ESI sources, IPI's Information Technician (IT), Brandon Benson, was not contacted until nearly two weeks later

---

[2] During the motion to compel hearing, the Court also indicated to IPI that it could also alternatively make a request to USCIS for the documents IPI submitted to that agency. (Tr. at 22:7–22:23.)

5

on February 24, 2021 to identify ESI sources. (Benson Decl. ¶ 2, ECF No. 70-1.) By the Court's deadline for IPI to produce physical documents responsive to Gray's requests by February 18, 2021, IPI failed to produce any documents other than tendering the 2018 personnel list of employees to be terminated. (*See* Status Report at 2, ECF No. 66.) IPI also filed its amended declarations of Donald Browne and Redie Dela Cruz on February 19, 2021, one day late. (*See* Am. Browne Decl., ECF No. 70-2; Am. Cruz Decl., ECF No. 70-3.) No certification of compliance was filed by IPI's counsel by the February 19, 2021 deadline. (*See* Status Report at 2.)

Thus, on February 23, 2021, Gray filed a status report informing the Court of IPI's noncompliance and moving the Court for an Order to Show Cause. (Status Report, ECF No. 66.) One day later, the Court issued an Order to Show Cause ("OSC") against IPI directing it to show cause on why the Court should not: find IPI in civil contempt, order it to immediately produce all documents, order that it pay daily sanctions of $2,000 per day until compliance, enter default against IPI, and order that it pay Gray attorneys' fees and costs. (OSC at 2-3, ECF No. 67.)

IPI timely filed a response to the Court's OSC, but primarily focused on the fact it should not be found in contempt because Gray through his counsel failed to agree to ESI terms, despite the fact that the Court previously noted to counsel that before discussing ESI search terms, IPI had to first identify and gather the ESI sources. (OSC Response, ECF No. 70; Tr. at 41:20–43:6.)

At the OSC hearing on March 4, 2021, counsel for IPI could not represent to the Court at the time that IPI tendered all visa documents responsive to Gray's Request for Production No. 3. (Transcript for OSC hearing ("OSC Tr.") at 10:20–10:25.) Gray only received a few renewal applications from 2018 (OSC Tr. at 38:1–38:14), even though many of the USCIS applications that Gray sought was physically stored in banker's boxes at IPI and were scanned onto IPI's servers, which Kyle Loi from the visa department was aware of—according to Carmen Hasselback, who previously worked in the Human Resources Department with IPI. (Hasselback Decl. ¶¶ 15-16,

ECF No. 72.) At this time, IPI was also aware that some of the USCIS applications responsive to Gray's request could be retrieved through Freedom of Information Act (FOIA) requests or requests with the Commonwealth Casino Commission. (OSC Tr. at 32:16–34:6.) Furthermore, counsel for IPI also conceded that he was aware that the certification requirement was directed at himself, yet he failed to submit any certification. (*Id.* at 3:17–5:14.)

Based on all these deficiencies, the Court found that IPI clearly violated the Court's February 4, 2021 order (Min., ECF No. 56; Written Order, ECF No. 58) regarding ESI sources, production of non-ESI documents, and certification of compliance. Despite these shortfall, the Court withheld entering default at the time but found IPI in contempt, ordered that IPI produce its ESI and non-ESI documents within two weeks (by March 18, 2021), ordered that IPI's counsel file a certification of compliance by March 19, 2021, and awarded Gray attorneys' fees as a compensatory civil contempt sanctions. (Min., ECF No. 73.) The Court also warned IPI that failure to comply with the Court's orders would result in an entry of default. (*Id.*)

On March 31, 2021, a status conference was held before Magistrate Judge Heather Kennedy. (Min., ECF No. 76.) During the status conference, Gray through his counsel apprised the Court that he only received three USCIS applications from IPI and that IPI produced an ESI document dump on him, while IPI through its counsel indicated to the Court that it provided more than three applications and produced all ESI documents. While the Court noted that there were some efforts in discovery, it set a hearing for the following week so that the parties could file a written status report.

Gray then filed a status report on April 7, 2021 (ECF No. 77), informing the Court that he had only received three USCIS applications—that of Lucy Guo, Eddie Ram, and Calvin Wong—and that IPI produced an ESI "data dump" by tendering a 4-terabyte hard drive containing 1.03 terabytes of unorganized data of 68,106 folders containing 460,435 documents, a 2-terabyte hard

drive containing 97.47 gigabytes of e-mails, and a flash drive containing 3.34 gigabytes of other information. (Status Report at 4, ECF No. 77; Ex. 1 Fitzgerald email, ECF No. 77-1; Gray Decl. ¶¶ 4-5, ECF No. 77-2.) Accordingly, Gray sought terminating sanctions. (Status Report at 6-7.)

A status conference was held the following day on April 8, 2021 to discuss pending discovery deficiencies and whether the Court should enter default against IPI for its repeated discovery violations. (Min., ECF No. 79.) During this status conference, IPI's counsel Mr. Nutting admitted that he never certified compliance with this Court. Even when the Court at the status conference sought counsel's oral certification of compliance, counsel was not prepared to certify compliance. As to the USCIS applications, counsel represented that the hardcopy documents could not to be found in the locations that Ms. Hasselback identified; nonetheless, counsel also represented that he never filed any FOIA requests for the documents or made any requests seeking the documents from the Commonwealth Casino Commission. While IPI also represented that all ESI was gathered and put in the hard drives, counsel admitted that he never looked at what was contained in the hard drives.

Thus, having considered the parties' submissions, counsels' arguments, and the entirety of IPI's discovery conduct, the Court ordered an entry of default against IPI pursuant to Federal Rule of Civil Procedure 37. (Min., ECF No. 79.) The Court thereafter issued a written order directing the Clerk to strike IPI's answer (ECF No. 23) to the second amended complaint in Civil Action 19-cv-00008 and IPI's answer (ECF No. 5) to the complaint in Civil Action 19-cv-00020, and to enter default against IPI in both cases.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 37(b)(2)(A) provides a non-inclusive list of sanctions that a court may order if a party fails to obey a discovery order, ranging from designating facts as established, prohibiting a party from supporting or opposing claims or defenses, striking pleadings,

8

staying the proceedings, dismissing the action, entering default judgment, or holding the disobedient party in contempt of court. A default sanction is appropriate only in extreme circumstances where the violations are "due to the willfulness, bad faith, or fault of the [sanctioned] party." *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012) (internal quotation marks omitted). "Disobedient conduct not shown to be outside the litigant's control meets this standard." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002). A court may consider all of a party's discovery conduct when determining the appropriate sanction. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 947 (9th Cir. 1993).

There are five factors a court must consider before imposing a harsh sanction under Rule 37, such as striking a pleading or entering default: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Hester*, 687 F.3d at 1169 (internal quotation marks omitted); *see also Connecticut Gen. Life. Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). The first two factors weigh in favor of sanctions and the fourth against them. *Henry*, 983 F.2d at 948. "Thus the key factors are prejudice and the availability of lesser sanctions." *Id.* (quoting *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990)). As to the fifth factor, a district court must consider the feasibility and adequacy of lesser sanctions, and should warn the offending party of the possibility of harsher sanctions. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228–29 (9th Cir. 2006). A court may choose to implement lesser sanctions before moving on to the more extreme options under Rule 37 but is not required to take an incremental approach to sanctions. *Hester*, 687 F.3d at 1170.

\\

\

### III. DISCUSSION

A. <u>Willfulness, bad faith, or fault of IPI</u>

Given that striking a pleading and entering default are extreme sanctions, the Court must determine whether IPI's discovery violations were due to willfulness, bad faith, or IPI's own fault. *See Hester,* 687 F.3d at 1169. Here, the Court finds that IPI's repeated failure to tender complete discovery over the course of nine months was clearly within its own control and that IPI's repeated delays demonstrates bad faith.

Since July 2020, Gray has actively sought discovery materials from IPI—including USCIS applications and ESI materials. While Gray agreed to an extension of the deadline response by one week, thereby extending the deadline to on or about August 24, 2020, IPI still failed to tender any discovery or respond to Gray's discovery requests without providing any adequate reason for its failure. (Fitzgerald Decl. ¶ 3, ECF No. 52-1.) Even when the Court became involved and gave IPI a deadline to respond to Gray's interrogatories and requests for production by September 17, 2020, IPI failed to timely respond and failed to give any reasons for its untimeliness, instead giving inadequate responses one day late. Despite the parties then stipulating to a scheduling order with a fact discovery cut-off of January 14, 2021 (Stipulation, ECF No. 44), IPI failed to abide by this plan.

Throughout the subsequent hearings and status conferences, it became apparent that IPI possessed documents in its control that it could have tendered to Gray much earlier but did not do so. For example, counsel Mr. Nutting was in possession of a list of employees to be terminated since December 2020 that was never tendered to Gray until February 2021. (Tr. at 10:21–14:11, ECF No. 57.) As to the USCIS applications that Gray constantly sought and that formed the heart of the case, those sat in banker's boxes at IPI, which Kyle Loi from the visa department was aware of, yet IPI failed to adequately tender all the documents that Gray sought. (Hasselback Decl. ¶¶ 15-

16, ECF No. 72.) Even when IPI alternatively could have sought those documents from USCIS itself or from the Commonwealth Casino Commission, it never requested it from those entities. By the April 2021 status conference, Gray represented that it only received three visa applications.

Even more troubling is IPI's production of ESI. For example, while ESI was sought since July 2020, IPI's own IT Brandon Benson, was not contacted for the first time until on February 24, 2021—nearly five months after when discovery was initially due and nearly two weeks after the Court's February 11, 2021 deadline for IPI to identify its ESI sources. (Min., ECF No. 56.) In the interim, IPI had computers from former employees that were merely sitting in storage that could have been searched through, as each computer had an inventory number that could be traced to an employee. (Hasselback Decl. ¶¶ 19-21, ECF No. 72.) Then, when the Court gave IPI a deadline of March 18, 2021 to produce ESI documents to Gray (OSC Min., ECF No. 73), IPI only produced its documents in an unorganized and incoherent manner, and without any sort of privilege log produced.

IPI has clearly shrugged its responsibility regarding discovery, and no other conclusion is possible other than that IPI's violations of the discovery orders were clearly its own fault. A default sanction is therefore appropriate in this matter.

B. Five factors

In balancing the five factors that the Court must consider before striking IPI's answer and entering default, the Court finds these factors weigh in favor of such extreme sanctions.

First, public interest in the expeditious resolution of litigation clearly runs against IPI here. Under Rule 34, a party has thirty days to respond to a discovery request. Fed. R. Civ. P. 34(b)(2)(A). Gray tendered its discovery requests in July 17, 2020, requiring IPI to comply with its request within a month. (*See* Fitzgerald Decl. ¶ 2, ECF No. 52-1) Yet for almost nine months before the Court decided to enter default, IPI has failed to adequately comply with those discovery requests

and the Court's multiple discovery orders, while giving no good faith explanation on why it could not comply within the deadlines.

Second, the Court's need to manage its docket also weighs in favor of harsh sanctions. Over the course of the parties' discovery disputes, the Court has held five hearings or status conferences to address discovery—the first one being in September 2020 over IPI's frivolous motion for a protective order. Since IPI's filing of the protective order, there have been numerous docket entries related to the discovery issues between Gray and IPI: motions, minutes, attorneys' fees filings, and status reports. These discovery disputes have been an inefficient use of the Court's judicial resources.

The third factor, the risk of prejudice to the other party, also supports a harsh sanction. Plaintiff has repeatedly expressed concern about the impact of IPI's delays on its ability to collect evidence, as IPI's personnel are continually leaving and/or being furloughed. (Plaintiff's Reply to OSC at 8, ECF No. 71.) Based on Donald Browne's own declaration, over the course of two years, IPI's Human Resources department was reduced from 40 employees to 3. (Am. Browne Decl. ¶ 16.) Phone data has also been wiped clean from former employees according to IPI's own IT person (Benson Decl. ¶¶ 10, 12, ECF No. 70-1), while access to one of IPI's servers has become difficult (Benson Decl. ¶ 12, ECF No. 74). Gray has been relying on this discovery to prove his case, but IPI's failure to tender discovery has made it extremely difficult to do so.

The fourth factor, public policy favoring the disposition of cases on their merits, will never run in favor of entering a default, but is not strong enough to outweigh the other four factors here.

Lastly, less drastic sanctions have not been successful. This Court has already ordered IPI to pay Gray $35,626 in attorneys' fees and costs as a sanction for having to bring the motion to compel. (Min., ECF No. 73.) One additional motion for attorneys' fees has been granted as civil contempt compensatory sanctions. (*Id*). Financial sanctions are clearly not effective against IPI.

Additionally, the Court held IPI in contempt on March 4, 2021 for violating the Court's discovery order and gave IPI new deadlines to comply with discovery, yet IPI still utterly failed. The Court warned IPI on several occasions that repeated discovery violations could result in an entry of default, including at the February 4, 2021 motion to compel hearing and the subsequent March hearing. These lesser sanctions and repeated warnings apparently have not been effective against IPI.

Accordingly, the Court finds that entry of default is proper in this matter.

### IV.     CONCLUSION

For the reasons stated herein, the Court ORDERED that:

(1) IPI's Answer to the Second Amended Complaint in 19-cv-00008 (ECF No. 23) and IPI's Answer to the Complaint in 19-cv-00020 (ECF No. 5) be STRICKEN; and

(2) DEFAULT be entered against Defendant IPI in both cases.

IT IS SO ORDERED this 12th day of October, 2021.

_____
RAMONA V. MANGLONA
Chief Judge