Bruce Berline
BERLINE & ASSOCIATES, LLC
Second Floor, Macaranas Building
PO Box 5682 CHRB
Saipan, MP 96950
Tel: (670) 233-3663
Fax: (670) 233-5262
Email: bruce@saipanlaw.com

Aaron Halegua
AARON HALEGUA, PLLC
524 Broadway, 11th Floor
New York, New York 10012
Tel: (646) 854-9061
Email: ah@aaronhalegua.com

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| JOSHUA GRAY,<br><br>                          Plaintiff,<br><br>v.<br><br>IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,<br><br>                          Defendant. | Case No. 19-cv-0008<br><br>**APPLICATION FOR WRIT OF EXECUTION ON IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC'S PERSONAL PROPERTY**<br><br>Hearing Date: n/a<br>Hearing Time: n/a<br>Judge: Hon. Ramona V. Manglona |

Pursuant to Fed. R. Civ. P. 69, N. Mar. I. R. Civ. P. 69, and 7 CMC §§ 4203, 4204, 4210, and based on the Declaration of Aaron Halegua, dated July 2, 2023 ("Halegua Decl.") filed herewith, Plaintiff hereby applies for a writ of execution, in the form attached as **Exhibit 1**, to be directed to judgment debtor Imperial Pacific International (CNMI), LLC ("IPI").

1

1. The Court entered a judgment in this case on May 31, 2023, in favor of Plaintiff, in the amount of $5,686,182.20 plus pre-judgment interest, post-judgment interest, and attorneys' fees and costs, against IPI (ECF No. 226 (the "Judgment")).

2. On June 29, 2023, IPI filed a notice of appeal concerning the Judgment. (ECF No. 230).

3. The Judgment was entered more than thirty days ago, but the Judgment remains unsatisfied in the amount of $5,686,182.20, plus interest, attorneys' fees, and costs. Further, IPI has not posted a supersedeas bond and has not obtained an order staying IPI's execution on the Judgment as of the date of this motion. *See* Fed. R. Civ. P. 62.

4. Fed. R. Civ. P. 69(a)(1) provides that a "money judgment is enforced by a writ of execution, unless the court directs otherwise," and that the "procedure on execution … must accord with the procedure of the state where the court is located." Pursuant to CNMI law, "[t]he process to enforce a judgment for the payment of money may be a writ of execution or an order in aid of judgment". 7 CMC § 4101.

5. The Commonwealth Code, 7 CMC § 4203, provides that: "[t]he court, at the request of the party recovering any civil judgment in that court for the payment of money, shall issue a writ of execution against the personal property of the party against whom the judgment has been rendered, except as provided in 7 CMC § 4210." The subsequent section, 7 CMC § 4204, sets forth the procedures for levying execution.

6. Commonwealth statute and court rules provide little guidance as to the particular procedure to follow when enforcing a judgment through writ of execution. *J.C. Tenorio Ent., Inc. v. Lalaine J. Baltazar*, Civ. No. 96-1082, at *3 (NMI Super. Ct. Aug. 8, 2014) (Order Denying Motion Re: Enforcement of Money Judgment at 2). However, "[t]o comply with 7 CMC § 4204, the writ must include an accounting of the amount of money necessary to satisfy the judgment and applicable costs and fees and instructions for the levying officer. And, to comply with 7 CMC

§ 4210, the writ must be served on the judgment debtor, even in the case of default, and include notice of the exemptions and notice of an upcoming hearing on the exemptions."[1] *Id.* at *3 n.1.

7.  As part of prior litigations involving IPI's creditors, IPI has provided various lists of assets and estimates of the value of those assets. *See Wang v. IPI*, ECF Nos. 352-1, 352-3. A description of these various assets and the estimated value thereof is explained more fully in declaration submitted along with this application. (*See* Halegua Decl. ¶¶6–11).

8.  Plaintiff requests the Court to issue a writ of execution to have IPI's Vehicles,[2] IPI's Liquor, IPI's Dragons, IPI's Computer Hardware, IPI's Furniture and Equipment, and IPI's Casino-Related and Security Equipment,[3] as those terms are defined in the Halegua Declaration, as well as any other non-exempt personal property that are identified by Plaintiff, sold in an auction in order to pay Plaintiff and satisfy the Judgment. The total resale value of these assets will likely not exceed the value of Plaintiff's Judgment; and, if the funds from the sale are sufficient to pay the Judgment, then the further sale of IPI's assets may be stopped. (Halegua Decl. ¶12).

9.  Plaintiff also requests that the Court order IPI to maintain any required registrations and insurance for all of the assets identified above, and any other personal property, and maintain these items in good condition. The order should also require IPI to store each seized item in its current

---

[1] The language of 7 CMC § 4210 and nature of the enumerated exemptions suggest that the exemptions only apply when the debtor is a natural person. *See J.C. Tenorio Ent., Inc.*, Civ. No. 96-1082 at 2–3 (hearing on exemptions required when debtor is a "*natural* person") (emphasis added).

[2] Plaintiff acknowledges that a writ of execution on IPI's motor vehicles and heavy equipment was recently issued in *U.S.A. Fanter v. IPI*, No. 21-cv-0035 ("*Fanter II*"), ECF Nos. 37, 38, to satisfy Fanter's judgment of $226,127.05 plus interest. While the Court acknowledges that the current value of those assets is likely significantly less than the Kelley Blue Book value of the cars ($1,051,304.00), it is still possible that they may be auctioned for more than the value of Fanter's judgment. (*See* Halegua Decl. ¶6). Accordingly, by execution of this writ, Plaintiff seeks priority as to any unsold vehicles or funds still available after Fanter's judgment is satisfied.

[3] Plaintiff acknowledges that much of IPI's gaming equipment is already subject to the Limited Receivership established in the *Fanter* case. Nonetheless, to the extent that there may be equipment identified as part of IPI's list of assets, but not subject to the Limited Receivership, Plaintiff seeks a writ of attachment as to those items. (*See* Halegua Decl. ¶11).

3

location, wherever it is found. (However, most items that will be seized are believed to be either inside the IPI casino, at its storage facilities, or in an underground parking lot.)

10. Plaintiff has included a writ of execution notice attached as **Exhibit 2** to be served upon IPI in order to notify IPI of its rights for a hearing on exemptions prior to any sale.

11. WHEREFORE, Plaintiff applies for a writ of execution directed at judgment debtor IPI, in the amount of $5,686,182.20, to be served upon IPI. Plaintiff requests the Court set a hearing upon the return of the writ so as to provide IPI with the opportunity to advance any applicable exemptions.

Respectfully submitted on July 3, 2023.

_____/s/_____
Aaron Halegua
Bruce L. Berline

Attorneys for Plaintiff