F I L E D
Clerk
District Court

AUG 16 2023

for the Northern Mariana Islands
By_____ *JP* _____
(Deputy Clerk)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| JOSHUA GRAY,<br><br>              Plaintiff,<br><br>       v.<br><br>IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,<br><br>              Defendant. | Case No. 1:19-cv-00008<br><br><br>**DECISION AND ORDER GRANTING PLAINTIFF'S APPLICATION FOR WRIT OF EXECUTION** |

Presently pending before the Court is Plaintiff Joshua Gray's application for writ of execution on various personal property of Defendant Imperial Pacific International (CNMI), LLC ("IPI"). (Appl., ECF No. 231.) Recognizing its failure to timely file an opposition, IPI filed a motion for leave to file a late opposition (Mot. Leave, ECF No. 245.) For the reasons detailed herein, the Court GRANTS Plaintiff's application for writ of execution and DENIES IPI's motion for leave to file a late opposition.

## I.   PROCEDURAL HISTORY

The Court issued a decision and order granting default judgment for a 42 U.S.C. "§ 1981 racial discrimination claim, claim of wrongful termination in violation of public policy, and Title VII discrimination and retaliation claims" that awarded Gray $5,686,182.20 plus attorneys' fees and costs. (Decision Granting Default J. 39-40, ECF No. 225.) On May 31, 2023, judgment was entered in favor of Gray against IPI. (J., ECF No. 226.)

On June 27, 2023, Attorney Stephen J. Nutting gave notice that he was reappearing as counsel for IPI.[1] (ECF No. 228.) The next day, Attorney Michael Chen filed a request for the transcript of the motion for default judgment hearing. (ECF No. 229.) One day later, IPI filed a notice of appeal listing Chen as its co-counsel. (ECF No. 230 at 2.)

Subsequently, on July 3, 2023, or more than thirty days after judgment was entered, Gray filed the application for a writ of attachment supported by counsel's declaration (Halegua Decl., ECF No. 231-3), and a proposed writ and notice of writ (ECF Nos. 231-2—231-3). IPI failed to file a timely response to the application. Gray highlighted IPI's failure in its response to his application filed on July 18, 2023. (Notice of Non-Opp'n, ECF No. 238.) Nearly a month later, IPI filed its motion for leave to file a late opposition to the application, which Gray opposes (Opp'n Mot. Leave, ECF No. 246).

Two days after the filing of Gray's application for writ of execution, Chen filed his petition for admission to practice pro hac vice (ECF No. 233), which the Court granted two days thereafter (ECF No. 235). The Court approved Nutting and Chen's substitution in as IPI's new counsel on July 10, 2023. (ECF No. 237.)

## II.    LEGAL STANDARD

### A.  Motion for Leave to File Late Opposition

Pursuant to this Court's Local Rules, an opposition is due fourteen days after service of the underlying motion. LR 7.1(c)(2). "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "To determine whether neglect is

---

[1] Mr. Nutting was previously IPI's counsel, but the Court granted his motion to withdraw over a year ago on May 12, 2022. (ECF No. 167.)

excusable, a court must consider four factors: '(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.'" *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007) (quoting *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000)).

### B.  Application for Writ of Attachment

Federal Rule of Civil Procedure 69(a)(1) provides that

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Within the Commonwealth of the Northern Mariana Islands ("CNMI"), "[t]he court, at the request of the party recovering any civil judgment in that court for the payment of money, shall issue a writ of execution against the personal property of the party against whom the judgment has been rendered, except as provided in 7 CMC § 4210." 7 CMC § 4203. The exemptions listed in 7 CMC § 4210 do not apply to business entities. (Order Granting Pl.'s Application for Writ of Execution 3, *U.S.A. Fanter Corp., Ltd., v. Imperial Pac. Int'l (CNMI), LLC*, No. 1:21-cv-00035 (D. N. Mar. I. June 16, 2023), ECF No. 37 (citation omitted).)

Because CNMI "statute[s] and court rules are silent as to the particular procedure to follow when enforcing a judgment through writ of execution[,]" this Court has looked to persuasive, but not binding, precedent from the CNMI Superior Court. (*Id.* (citations omitted).)

> To comply with 7 CMC § 4204, the writ must include an accounting of the amount of money necessary to satisfy the judgment and applicable costs and fees and instructions for the levying officer. And, to comply with 7 CMC § 4210, the writ must be served on the judgment debtor, even in the case of default, and include notice of the exemptions and notice of an upcoming hearing on the exemptions.

3

(*Id.* (quoting *J.C. Tenorio Ent., Inc. v. Lalaine J. Baltazar*, Civ. No. 96-1082 (NMI Super. Ct. Aug. 8, 2014) (Order Denying Motion Re: Enforcement of Money Judgment at 3 n.1)).)

When considering an application for a writ of execution, the Court must exercise discretion to not levy property in excess of the subject judgment. (*Id.* at 3-4 (citations omitted)). This Court has previously denied an application for a writ of execution where the valuation of the proposed property far exceeded the judgment. *See Red Coral Corp. v. Imperial Pac. Int'l (CNMI), LLC*, No. 1:20-CV-00016, 2021 U.S. Dist. LEXIS 253632, at *2-4, 2021 WL 6884615, at *1-2 (D. N. Mar. I. Oct. 12, 2021).

## III.   DISCUSSION

Before considering the application for a writ of execution, the Court must first adjudicate IPI's motion for leave to file a late opposition to the application for a writ.

### A.  Motion for Leave to File Late Opposition

IPI has failed to adequately demonstrate excusable neglect such that the motion must be denied. Gray's arguments raised in his opposition are well-taken. This motion for leave to file a late opposition is reminiscent of a similar motion to file a late declaration involving IPI and its same attorneys. In *U.S.A. Fanter Corp v. Imperial Pacific International (CNMI), LLC*, the Court denied the request of IPI to file a belated declaration as it neither demonstrated good cause nor excusable neglect. No. 1:20-cv-00005, 2023 U.S. Dist. LEXIS 92149, at *8, 2023 WL 3602793, at *3 (D. N. Mar. I. May 24, 2023).

Here, the Court acknowledges Gray's asserted urgency of the writ because as time progresses, the personal property that Gray seeks a writ over continues to depreciate in value. Moreover, the Court is unable to ascertain the length of the delay IPI seeks because IPI's counsel failed to specify the amount of time required to draft and file the late opposition. Further time would also be required for

Gray to file a reply to the opposition, and for the Court to appreciate the additional arguments. *See id.* ("By permitting IPI to submit a late [opposition] now would result in extended briefing and yet another delay in resolving the dispute, thereby significantly impacting judicial proceedings and [Plaintiff's] ability to collect on its judgment. Judicial expediency and efficiency militate against finding in favor of IPI . . . ."). Additionally, IPI's proffered reason for the delay, that "the new counsel did not receive the notice of the filing of the Writ of Execution because *they* were not admitted before the Court for this matter yet, and the previous counsels did not forward the Writ of Execution to their successors[,]" (Mot. Leave 3 (emphasis added)), is disingenuous. First, IPI is presumably referring to both Attorneys Nutting and Chen as the new attorneys as the motion is signed by both. However, Nutting filed his notice of appearance *before* Gray filed the application; in fact, the Notice of Electronic Filing for the application for the writ confirms that Nutting was sent the application. Second, while IPI's substitution of counsel was formally approved by the Court on July 10, 2023 (ECF No. 237), Local Rule 83.4(c) mandates that the responsibility of counsel of record continues until the Court approves the substitution. Therefore, IPI's former counsel had a duty to either act on the application, or ensure new counsel is given the responsibility to do so. Here, Chen had been acting on behalf of IPI in this matter *prior* to the filing of the application for the writ when he filed a transcript request on June 28 and when he was listed as IPI's counsel on the notice of appeal filed on June 29. When the Court issued its order approving the substitution of counsel, IPI still had seven days left under the local rules to file an opposition to the writ or at least seek an extension of time. Furthermore, as new counsel, Nutting and Chen had an obligation to review the case to ascertain the current status of affairs; a cursory skim of the docket sheet would have revealed the pending application for writ. Finally, even if current counsel became aware of the application for the writ only after Gray filed its notice of non-opposition (ECF No. 238) on July 18, 2023, IPI inexcusably waited almost a month before filing the motion for leave

of court. Such a delay does not warrant in favor of a finding of good faith. Waiting until the eleventh

hour to act has become characteristic of IPI, and current counsel. After consideration of the factors,

the Court finds that IPI has failed to demonstrate excusable neglect and thus it DENIES IPI's motion

for leave to file a late opposition.

## B.  Application for Writ of Execution

Turning to the pending application, Gray seeks a writ of execution over six categories of items:

> IPI's Vehicles, IPI's Liquor, IPI's Dragons, IPI's Computer Hardware, IPI's Furniture
> and Equipment, and IPI's Casino-Related and Security Equipment, as those terms are
> defined in the Halegua Declaration [ECF No. 231-3], as well as any other non-exempt
> personal property that are identified by Plaintiff, sold in an auction in order to pay
> Plaintiff and satisfy the Judgment.

(Appl. ¶ 8 (footnotes omitted).) Citing to numerous filings from various cases in this Court, Gray's

counsel, Aaron Halegua, estimates that the total resale value of the aforementioned items is several

million dollars, but still "less than the total value of Plaintiff's judgment[.]" (Halegua Decl. ¶¶ 6-12.)

First, Halegua approximates that IPI's vehicles are worth less than $1,000,000. (*Id.* ¶ 6.) Notably, IPI's

vehicles are already subject to another writ of execution for a judgment of $226,127.05, plus post-

judgment interest. (*See U.S.A. Fanter Corp., Ltd., v. Imperial Pac. Intl (CNMI), LLC*, ECF No. 37.)

Thus, Gray seeks "seeks priority as to any unsold vehicles or funds still available after Fanter's

judgment is satisfied." (Appl. ¶ 8 n.2.) As such, any money that Gray would be able to recover from

the vehicles would be less than $1,000,000. Second, an expert in the filed of alcoholic beverages

estimates that based off of a viewing in February 2023, IPI's liquor could be auctioned for $100,000

to $200,000. (Halegua Decl. ¶ 7.) Third, while the crystal dragons hanging in IPI's casino may have

been worth approximately $10,000,000, Halegua approximates that the current valuation is only a few

million in light of the time that has lapsed and various fees, including costs to disassemble, package,

and reassemble the dragons. (*Id.* ¶ 8.) Fourth, IPI's computer hardware was valued at $692,404.47 in

6

December 2020, yet the current value of the equipment is far less given the amount of time that has lapsed. (*Id.* ¶ 9.) Fifth, IPI's furniture and equipment were estimated to be worth $2,348,230.40 in December 2020, but the estimated current value is expected to be far less because many may no longer work, and some of the furniture may have already been sold as part of the receivership in *U.S.A. Fanter Corp., Ltd. v. Imperial Pacific International (CNMI), LLC*, 1:20-cv-00003 (D. N. Mar. I.). (*Id.* ¶ 10.) Sixth, Gray seeks a writ of execution over IPI's casino-related and security equipment not subject to the aforementioned receivership. (*Id.* ¶ 11.) Additionally, the Court is mindful that the requested items have likely not been well maintained in the CNMI's humid environment, further contributing to the lower price estimates. Ultimately, the Court concludes that the valuation of the six categories of personal property is not excessive given the Judgment.

Gray also seeks a court order directing "IPI to maintain any required registrations and insurance for all of the assets identified above, and any other personal property, and maintain these items in good condition." (Appl. ¶ 9.) However, it provides no authority in support of such. Moreover, this Court previously declined ordering IPI to maintain registrations and insurance of its vehicles. (*Compare* Order Granting Pl.'s Application for Writ of Execution, *U.S.A. Fanter Corp., Ltd., v. Imperial Pac. Int'l (CNMI), LLC*, No. 1:21-cv-00035 (D. N. Mar. I. June 16, 2023), ECF No. 37, *with* Appl. for Writ of Execution, *U.S.A. Fanter Corp., Ltd., v. Imperial Pac. Int'l (CNMI), LLC*, No. 1:21-cv-00035 (D. N. Mar. I. Feb. 8, 2023), ECF No. 35.) Therefore, the Court denies this request.

## IV.   CONCLUSION

Based on the foregoing, the Court DENIES IPI's motion for leave to file a late opposition (ECF No. 245) and GRANTS Gray's application for writ of execution (ECF No. 231).

It is therefore ORDERED that the Clerk issue the Writ of Execution to the U.S. Marshals Service for the seizure of IPI's Vehicles, IPI' Liquor, IPI's Dragons, IPI's Computer Hardware, IPI's

Furniture and Equipment, and IPI's Casino-Related and Security Equipment, as further identified in the application for the writ (ECF Nos. 231, 231-3) pursuant to 7 CMC § 4204. The Clerk shall also provide IPI notice of its rights. (ECF No. 231-2.)

Once the U.S. Marshals Service executes the writ of execution, IPI may file, in writing, any exceptions pursuant to 7 CMC § 4210; such filing is due fourteen days after execution of the writ.

IT IS SO ORDERED this 16th day of August, 2023.


RAMONA V. MANGLONA
Chief Judge

8