F I L E D
Clerk
District Court
OCT 23 2023
for the Northern Mariana Islands
By_____JP_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

JOSHUA GRAY,

   Plaintiff,

  v.

IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,

   Defendant.

Case No. 1:19-cv-0008

**ORDER APPOINTING CLEAR MANAGEMENT LIMITED AS LIMITED RECEIVER FOR THE SALE OF IPI'S PERSONAL PROPERTY**

On May 31, 2023, the Clerk entered judgment in favor of Plaintiff Joshua Gray against Defendant Imperial Pacific International (CNMI), LLC ("IPI") in the amount of $5,686,182.20 plus pre-judgment interest, post-judgment interest, and attorneys' fees and costs, against IPI (ECF No. 226 (the "Judgment")). On July 3, 2023, since IPI did not pay the Judgment (or post a bond), Gray applied to this Court for a writ of execution against certain assets belonging to IPI. (ECF No. 231.) On August 16, 2023, the Court issued a writ of execution as requested by Gray (ECF No. 247 (the "Writ")) and the Clerk issued a Notice about the writ and informing IPI of its rights (ECF No. 248). On August 21, 2023, the U.S. Marshals Service ("USMS") filed a notice affirming that the writ was executed. (ECF No. 251.) Subsequently, Gray filed a petition for an order to show cause to appoint a limited receiver (ECF No. 254) given the inadequacy of a writ of execution to satisfy Gray's judgment. The motion was opposed by IPI (ECF No. 263) and proposed intervenor Century Estate Investment Ltd. (ECF No. 264). Gray filed a reply in response (ECF No. 267). A hearing was held on the matter on October 19, 2023, during which time the Court found Gray's arguments meritorious and therefore GRANTED

Gray's petition and appointed Clear Management Limited ("Clear") as a limited receiver ("Limited Receiver") to liquidate IPI's Personal Property. (Mins., ECF No. 274). The Court now issues this order appointing Clear as the Limited Receiver and establishing this limited receivership over IPI's personal property to fulfill the judgment in this matter.

**GOOD CAUSE BEING SHOWN, the Court ORDERS the following:**

The Court hereby appoints Clear, acting by and through its principal Timothy Shepherd, as the Limited Receiver to take effect on execution of this Order for the purpose of identifying, securing, and selling IPI's Personal Property.[1] Clear shall possess all the powers of a federal equity receiver and is vested with the power and authority provided under Fed. R. Civ. P. 66 and 69 as well as Local Rule 63.1 to perform all acts deemed necessary or prudent to comply with this Order. Below, the Court enumerates a non-exhaustive list of terms and conditions of this limited receivership.

**A. General Provisions**

1. The powers of the Limited Receiver shall include but are not limited to:
    a. Communicate *ex parte* with any relevant party, including Gray or other creditors of IPI, and any agents or representatives thereof;
    b. Enter any property where any of the IPI Personal Property is located or the Limited Receiver has reason to believe may be located;
    c. Perform or arrange any inspection or test of any of the IPI Personal Property;
    d. Take any action deemed necessary to protect and preserve the value of any of the IPI Personal Property, including by taking possession of that property, moving it to a safe

---

[1] Prior to issuing the Writ in this case, the Court previously issued a writ of execution pertaining to IPI's motor vehicles in the case *U.S.A. Fanter v. IPI*, No. 21-cv-0035 ("*Fanter II*"), ECF Nos. 37, 38. It was agreed by Gray and Fanter that Fanter will file a separate motion in the *Fanter II* case to appoint a limited receiver (also Clear) for the sale of the assets subject to the writ in that case. Therefore, the Limited Receivership established herein is not authorized to liquidate the motor vehicles subject to the writ of execution in *Fanter II*.

location, putting it in a sellable condition, arranging for security to prevent theft or other damage, or purchasing insurance;

e. Authorize any individual or entity, including Gray and his attorney, to take any action that the Limited Receiver itself is authorized to take;

f. Compel, take, and record evidence, including: requiring the production of documents and other records from IPI and/or third-parties; and requiring responses to interrogatories, admissions, or other information;

g. Take all reasonable steps, including conducting discovery or investigations, to identify any additional personal property in the possession or control of IPI; and

h. Any other power that is reasonably necessary or prudent to effectuate the Limited Receiver's purpose.

2. Neither Gray nor the Limited Receiver shall be responsible for the security of IPI's Personal Property, and both shall be held harmless against any loss or damage to IPI's Personal Property, from the date of this Order until any new owner takes possession of that property. Similarly, neither Gray nor the Limited Receiver shall face any liability for any loss or damage caused by the bidders or buyers of IPI's Personal Property, or any third parties contracted by them. Accordingly, neither Gray nor the Limited Receiver shall be required to purchase any insurance related to IPI's Personal Property, although they may choose to do so.

3. Neither Gray nor the Limited Receiver shall be required to post a bond in relation to the appointment of the Limited Receiver or sale of IPI's Personal Property.

**B. Limited Receivership Procedures and Compensation**

4. Within fourteen (14) days of the issuance of this Order, the Limited Receiver will perform a thorough inspection to locate all of IPI's Personal Property, wherever located, to create an inventory of all specific items in IPI's possession that it believes are subject to the Writ and that it intends to

sell. The inventory list will be filed with the Court via ECF. IPI shall then have seven (7) days to file any objections. If IPI does not object within that period, or the Court overrules IPI's objection, then Clear shall be permitted to auction the item and IPI will be precluded from objecting later.

5. The Limited Receiver shall have the option to sell any of IPI's Personal Property itself or to contract with third-parties or specialists to sell any of IPI's Personal Property, such as the liquor or art belonging to IPI, without further approval by this Court.

6. The Limited Receiver shall be paid a commission equivalent to 18% of the sale price for any of IPI's Personal Property that is sold, and the Limited Receiver shall decide how that sum is split with any contractors. The Limited Receiver <u>will not</u> be reimbursed for any expenses or costs incurred in effectuating the sale of those items.

7. Sale shall generally be made to the highest bidder. However, the Limited Receiver and its agents shall have discretion to establish terms or conditions for the sale, and all terms and procedures for the bidding and/or auction, to help ensure the efficiency of the process, including by conducting multiple auctions.

8. The Limited Receiver shall be empowered to decide that any sale will be "as is."

9. Any purchaser of IPI's Personal Property shall obtain that property "free and clear" and may receive documents transferring title to that property executed by the Limited Receiver and/or IPI.

10. Pursuant to Local Rule 63.1(e), the Limited Receiver shall deposit any and all funds received in a segregated, interest-bearing escrow account.

11. All sales of IPI's Personal Property shall be presented to the Court for approval and no closing shall occur prior to the sale being confirmed by this Court.

12. Pursuant to Local Rule 63.1(g)(2), the Limited Receiver shall give all interested parties **at least ten (10) days' notice** of the time and place of hearings concerning petitions for confirmation of sales of property by filing a notice on ECF in this matter, or by any other means ordered by the Court. All

interested parties shall file any objection to the petition **no later than seven (7) days after receiving notice**. A hearing shall be held **within fourteen (14) days of the filing** of the Limited Receiver's petition for confirmation of sales of property.

13. After closing, the Limited Receiver shall file a closing report that sets forth the total proceeds received, the Limited Receiver's and any other commissions, the resulting net proceeds, and the proposed distributions of the monies collected. No funds shall be distributed without prior approval from the Court.

14. The Limited Receiver may, as it sees fit, make numerous, intermittent motions to have sales approved and to distribute the proceeds. The Limited Receiver is not required to wait until all items are sold prior to seeking Court approval.

**C. IPI General Obligations**

15. IPI and any of its directors, officers, employees, representatives, or other agents are ORDERED to cooperate with the Limited Receiver's efforts to comply with all obligations under this Order, including but not limited to:

   a. Providing all pertinent information and documentation relating to IPI's Personal Property, including but not limited to, inventory lists, title documents, books and records, invoices, insurance documents, warranties, tax returns, financial statements, and any other items requested by the Limited Receiver;

   b. Executing any documents necessary to provide the Limited Receiver with access to IPI's Personal Property, transfer title of the property, or otherwise needed to effectuate this Order;

   c. Granting whatever access is requested by the Limited Receiver, or any entity or individual that it designates, in order to effectuate its duties under this Order; and

    d. Performing any other action reasonably requested by the Limited Receiver or reasonably necessary to effectuate the purposes of this Order.

16. IPI shall ensure and fund the security of IPI's Personal Property until it is sold by the Limited Receiver and delivered to the buyer. Within fourteen (14) days of the filing of the inventory list by the Receiver, IPI shall file with the Court a sworn declaration and supporting evidence demonstrating its compliance with this provision.

17. IPI and any of its directors, officers, employees, representatives, or other agents are restrained and enjoined from (a) transferring IPI's interest, ownership, or control of any property, or encumbering any of IPI's Personal Property subject to this Order, or (b) interfering in any way with IPI's Personal Property that is the subject of this Order, without first seeking Court approval.

### D. Duration of Receivership

18. The Limited Receiver shall serve until the earliest of: (a) the Limited Receiver requests to be relieved and such request is approved by the Court; (b) ninety (90) days after the Limited Receiver has submitted a notice of resignation to the Court; or (c) the Court removes and replaces the Limited Receiver for good cause after notice and a hearing pursuant to Local Rule 63.1(g)(5).

### E. Continuing Jurisdiction

19. Pursuant to Rule 66, "[a]n action in which a receiver has been appointed may be dismissed only by court order." Fed. R. Civ. P. 66. The Court retains specific and continuing jurisdiction to enforce the provisions of this Order, and to enter such further orders to effectuate the purposes of the federal equity receivership. The Court additionally retains jurisdiction to enable any party, subject to this Order, to apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe the Order, to modify any of its provisions, to enforce compliance, and to punish violations of its provisions.

**IT IS SO ORDERED** this 23rd day of October, 2023.

_____
RAMONA V. MANGLONA
Chief Judge