IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

JOSHUA GRAY,

    Plaintiff,

  v.

IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,

    Defendant.

Case No. 1:19-cv-00008

**ORDER TO SHOW CAUSE AGAINST IPI AND HOWYO CHI**

  After Plaintiff Joshua Gray ("Gray") obtained a judgment (ECF No. 226) against Defendant Imperial Pacific International (CNMI), LLC ("IPI") in the above-referenced matter, the Court issued a writ of execution against IPI's Personal Property and Plaintiff executed on this writ (ECF No. 251). On October 23, 2023, the Court issued an Order Appointing Clear Management Limited as Limited Receiver for the Sale of IPI's Personal Property (ECF No. 275, the "Order"). The Order required, *inter alia*, that "IPI shall ensure and fund the security of IPI's Personal Property until it is sold by the Limited Receiver and delivered to the buyer. Within fourteen (14) days of the filing of the inventory list by the Receiver, IPI shall file with the Court a sworn declaration and supporting evidence demonstrating its compliance with this provision." (*Id*. ¶16.) The inventory was filed by Clear on November 10, 2023 (ECF No. 282), which obligated IPI to file these materials by November 24, 2023. IPI did not file anything with the Court by this deadline. During this time, Clear inventoried all of IPI's Liquor and

/ / /

/ /

/

sold it through an auction. (Mem. Law 6, ECF No. 290-1.) Before the auction commenced, two bottles of Macallan whiskey were stolen from the Casino. (Cabrera Decl. ¶ 3; Halegua Decl. ¶ 9.) After the auction and payment by the buyer, seventeen bottles of Moutai liquor were stolen from the Casino. (Cabrera Decl. ¶ 4; Halegua Decl. ¶ 11.) IPI only filed a declaration with the Court concerning security at the Casino on March 12, 2024. (*See* Cabrera Decl.) However, the two-page, seven-paragraph declaration contains very few details of IPI's security arrangement and was not accompanied by any supporting evidence.

In light of the above, on April 8, 2024, Plaintiff submitted a petition (ECF No. 290) to this Court for an Order to Show Cause why IPI and its executive director, Howyo Chi, should not be held in contempt for violating the Order and sanctions imposed. (ECF No. 290). The petition was supported by a Memorandum of Law (ECF No. 290-1), the Declaration of Aaron Halegua, dated April 7, 2024 (ECF No. 290-2), and the Declaration of Christopher Craney, dated April 8, 2024 (ECF No. 290-3). Gray requests the Court issue an order to show cause and provide IPI seven days to respond. (Mem. 16.)

**WHEREFORE, Defendant IPI and its executive director, Howyo Chi, are hereby ordered to show cause in writing, no later than <u>April 17, 2024</u>, why this Court should not enter an order: (i) holding IPI in contempt; (ii) holding Mr. Howyo Chi in contempt; (iii) directing IPI to compensate Plaintiff for the liquor stolen from the Casino; (v) imposing a daily fine of $10,000 until IPI complies, and incarcerating Mr. Chi if IPI's noncompliance persists; and (v) directing IPI to pay Plaintiff's reasonable attorneys' fees and costs resulting from its disobedience.**

/ / /

Plaintiff may file a response to IPI's submission by **April 24, 2024**. A hearing is set for **April 30, 2024 at 10:00 a.m.** Plaintiff's attorney Aaron Halegua shall coordinate with the Clerk's Office to appear by video teleconference.

IT IS SO ORDERED this 10th day of April, 2024.

_____
RAMONA V. MANGLONA
Chief Judge