FILED
Clerk
District Court
MAY 22 2024
for the Northern Mariana Islands
By_____JP_____
(Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOSHUA GRAY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,<br><br>　　　　　Defendant. | Case No. 1:19-cv-00008<br><br>**DECISION AND ORDER FINDING AUTOMATIC BANKRUPTCY STAY INAPPLICABLE TO PENDING ORDER TO SHOW CAUSE** |

　　　This matter came before the Court on Plaintiff Joshua Gray's ("Gray") Petition for an Order to Show Cause against Defendant Imperial Pacific International (CNMI), LLC ("IPI") and its Executive Director Howyo Chi ("Chi"). ("Pet.," ECF No. 290.) This Court granted the Petition and ordered both IPI and Chi to show cause why the Court should not enter an order (1) holding IPI in contempt; (2) holding Mr. Chi in contempt; (3) directing IPI to compensate Gray for the liquor stolen from the IPI casino facility; (4) imposing a daily fine of $10,000 until IPI complies and incarcerating Mr. Chi if IPI's noncompliance persists; and (5) directing IPI to pay Gray's reasonable attorneys' fees and costs resulting from its disobedience. ("OSC," ECF No. 291.)

　　　About two weeks after the OSC issued, IPI filed its Notice of Automatic Stay asserting that the instant proceeding is stayed pursuant to 11 U.S.C. § 362(a) because it filed a Chapter 11 Bankruptcy Petition. (ECF No. 293.) Gray asserts that the instant proceeding is not stayed because of the police or regulatory powers exemption of § 362(b)(4). (Gray Reply 2-3, ECF No. 294.) Therefore, the issue before the Court is whether the automatic bankruptcy stay is applicable to this

civil contempt proceeding for IPI and Mr. Chi's failure to comply with this Court's Orders (ECF Nos. 275, 287) regarding the loss of IPI liquor auctioned by the Limited Receiver, paid by the buyer, and approved by the Court. After considering the parties' submissions and oral arguments (Mins., ECF No. 308), the Court finds that the civil contempt proceeding over the stolen liquor bottles falls outside the automatic bankruptcy stay; furthermore, the Court's review of IPI's compliance with the order requiring IPI to ensure adequate security over the liquor bottles in question falls under the police or regulatory power exemption to the automatic stay. Therefore, as explained below, the automatic bankruptcy stay does not apply to these contempt proceedings.

I.  BACKGROUND

After Gray obtained a $5.6 million judgment (ECF No. 226) against IPI in the above-referenced matter, the Court issued a writ of execution against IPI's Personal Property[1] (ECF No. 251). On October 23, 2023, the Court issued an Order Appointing Clear Management Limited ("Clear" or "Limited Receiver") as Limited Receiver for the Sale of IPI's Personal Property (Receivership Order, ECF No. 275). The Limited Receiver was required "to create an inventory of all specific items in IPI's possession that it believes are subject to the Writ and that it intends to sell." (Receivership Order ¶ 4.) IPI was ordered to

> ensure and fund the security of IPI's Personal Property until it is sold by the Limited Receiver and delivered to the buyer. Within fourteen (14) days of the filing of the inventory list by the Receiver, IPI shall file with the Court a sworn declaration and supporting evidence demonstrating its compliance with this provision.

(Receivership Order ¶ 16.) Pursuant to the Limited Receiver's motion (ECF No. 279), the Court modified the Receivership Order such that the Limited Receiver's initial inventory list was due by

---

[1] IPI's Personal Property includes "IPI's Vehicles, IPI's Liquor, IPI's Dragons, IPI's Computer Hardware, IPI's Furniture and Equipment, and IPI's Casino-Related and Security Equipment, as those terms are defined in the Halegua Declaration [ECF No. 231-3]," and "any other non-exempt personal property that are identified by Plaintiff, sold in an auction in order to pay Plaintiff and satisfy the Judgment." (Order Granting Appl. Writ Execution 6, ECF No. 247.)

November 10, 2023 and IPI's objections were due seven days after that—failure to do so constitutes waiver. (Order Modifying Receivership 2, ECF No. 280.) Subsequently, the Limited Receiver was required to "file a supplemental inventory list" by December 6, 2023 and would "be permitted to file additional supplemental inventory lists as it deems necessary[.]" (*Id.*)

Clear filed an inventory on November 10, 2023 (ECF No. 282), to which IPI did not file an objection to. However, no supplemental inventory list was filed in this case.[2] In January 2024, the Court approved the sale of IPI's liquor from the auction, ordered the sale of the liquor to Leader Capital Development Limited ("LCD"), and ordered $250,316.00 be distributed to Clear. (Order Approving Sale, ECF No. 287.)

Subsequent to the Court's approval of the liquor sale and distribution of the sale proceeds, and prior to the filing of the bankruptcy petition, IPI filed a declaration by its Senior Security Officer reporting that liquor had gone missing (Cabrera Decl., ECF No. 289). She reported that after the theft of several bottles of McCallan Whiskey in November 2023, "IPI has taken measures to enhance casino security by hiring three additional security guards. The premises are now under constant surveillance, 24 hours a day. 7 days a week." (*Id.* ¶¶ 3, 5.) Nevertheless, additional liquor was stolen in February 2024. (*Id.* ¶ 4.)

On April 8, 2024, Gray filed his Petition supported with a Memorandum of Law (Pet. OSC, ECF No. 290-1). Gray asserts that IPI should be found in contempt for disobeying the Receivership Order by failing to maintain adequate security and failing to file an adequate declaration detailing its security efforts. (Pet. OSC 9.) Further, he maintains that Mr. Chi, as IPI's executive director with knowledge of the Receivership Order, failed to ensure IPI's compliance. (*Id.* at 12.) Gray

---

[2] Per the Court's instructions, Clear filed a vehicle inventory in this instant matter as it previously filed the vehicle inventory on January 22, 2024 only in *U.S.A. Fanter Corp., Ltd. v. Imperial Pacific International (CNMI), LLC*, No. 1:21-cv-00035.

submitted a declaration of Christopher Craney, an employee of the Limited Receiver, who clarifies that two bottles of Macallan No. 6 were stolen in November 2023; and twelve bottles of the fifty-year-old Moutai and five bottles of thirty-year-old Moutai bottles were stolen in February 2024. (Craney Decl. ¶¶ 14, 17, 22.) As a sanction, Gray requests the Court order IPI to pay $100,000 for the seventeen missing liquor bottles—an amount LCD estimates the stolen Moutai to cost. (Pet. OSC 13.) Additionally, LCD requests the compensation to be applied as a credit in the vehicle auction. (*Id.*) Gray seeks daily sanctions of $10,000 and incarceration of Mr. Chi until IPI complies, and attorneys' fees and costs incurred in enforcing compliance. (*Id.* at 14-15.)

After the Court issued the OSC and set a hearing for April 30, 2024 (ECF No. 291), IPI filed a Chapter 11 Voluntary Bankruptcy Petition and filed a Notice of Automatic Stay in this proceeding pursuant to 11 U.S.C. § 362(a). (Not. Automatic Stay.) At the hearing on the OSC, the Court continued the matter to allow IPI to fully brief the limited issue of whether the automatic stay applies to the pending civil contempt proceeding against IPI and Mr. Chi. (Mins., ECF No. 300.) IPI filed its Supplemental Opposition on this limited issue. (Supp. Opp'n, ECF No. 305), and a hearing was held on this limited issue on May 3, 2024 (Mins., ECF No. 308).

## II.    LEGAL STANDARD

Generally, filing a bankruptcy petition automatically institutes a stay of

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title[.]

18 U.S.C. § 362(a). However, the government regulatory exemption dictates that "[t]he filing of a [bankruptcy] petition . . . does not operate as a stay" over

4

the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power[.]

*Id.* § 362(b)(4). The government regulatory exemption "prevent[s] the bankruptcy court from becoming a haven for wrongdoers." *In re Berg*, 230 F.3d 1165, 1167 (9th Cir. 2000) (citation omitted). Pursuant to the Ninth Circuit Court of Appeals, the Court applies two established tests for the "police or regulatory powers" exemption of § 362(b)(4) to the automatic stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1108 (9th Cir. 2005). The two tests are known as the "pecuniary purpose" and "public purpose" tests. *Id.* If a suit satisfies either test, it comes within the exemption of § 362(b)(4). *Id.* at 1109.

Under the pecuniary purpose test, first the Court determines if the government "action relates primarily to the protection of the government's pecuniary interest in the debtors' property or to the matters of public safety and health." *Id.* (quoting *NLRB* v. *Cont'l Hagen Corp.*, 932 F.2d 828, 828 (9th Cir. 1991)). The exemption *only* applies if the suit seeks to protect public safety and welfare. *Id.*

Under the public purpose test, the Court "determines whether the government seeks to 'effectuate public policy' or to adjudicate 'private rights.'" *Id.* (citing *Cont'l Hagen*, 932 F.2d at 833). This exemption only applies when the government seeks to effectuate public policy. *Id.* "A suit does not satisfy the 'public purpose' test if it is brought primarily to advantage discrete and identifiable individuals or entities rather than some broader segment of the public." *Id.* (citing *Chao v. Hosp. Staffing Servs., Inc.*, 270 F.3d 347, 378 (6th Cir. 2001)).

/ / /

/ /

Previously, the Ninth Circuit applied the pecuniary purpose and public purpose tests to allow a claim for fees and costs pursuant to a sanction order to proceed against a debtor as they are exempt from the automatic stay. *Berg*, 230 F.3d at 1167-68. In *Berg*, the Ninth Circuit sanctioned an attorney "for prosecuting a frivolous appeal, and ordered him to pay the [] attorneys' fees incurred in connection with the appeal." *Id.* at 1167 (citing *Smith v. Ricks*, 31 F.3d 1478, 1489 (9th Cir. 1994)). While the appeal was ongoing, the attorney filed a Chapter 11 bankruptcy petition. *Id.* When opposing counsel discovered the bankruptcy petition, they sought "relief from the automatic stay before proceeding to judgment and liquidating the claim for fees and costs." *Id.* The bankruptcy court granted opposing counsel relief under the government regulatory power exemption in § 362(b)(4), which the Ninth Circuit Bankruptcy Appellate Panel ("BAP") affirmed; the attorney appealed the BAP decision to the Ninth Circuit. *Id.* The Ninth Circuit held in *Berg* that "under both the pecuniary interest test and the public policy test, '§ 362(b)(4)'s government regulatory exemption exempts from the automatic stay an award of attorneys' fees imposed under [Federal Rule of Appellate Procedure] 38 as a sanction for unprofessional conduct in litigation.'" *In re Dingley*, 852 F.3d 1143, 1147 (9th Cir. 2017) (quoting *Berg*, 230 F.3d at 1168). The Ninth Circuit "reasoned that because the purpose of Rule 38 sanctions is to 'effectuate public policy [in deterring unprofessional conduct in litigation], not to protect private rights or the government's interest in the sanctioned person's property,' the government regulatory exemption applies to a creditor's attempt to collect sanctions against a debtor under Rule 38." *Id.* (quoting *Berg*, 230 F.3d at 1168). "A litigant should not be allowed to delay the imposition of sanctions indefinitely by the expedient of declaring bankruptcy" as "allowing him to do so would not only increase the number of bankruptcy filings but also create incentives for unprofessional conduct in litigation by firms or individuals teetering on the edge of the bankruptcy abyss." *Berg*, 230 F.3d at 1168.

The Ninth Circuit, in the more recent case of *Dingley*, found that *Berg* controlled where a party attempted to collect discovery sanctions previously awarded by a state court for failing to comply with a court order that required payment of those sanctions. *Dingley*, 852 F.3d at 1147. The Ninth Circuit found that in both *Berg* and *Dingley*, "the creditor pursued the collection of sanctions to effectuate the respective court's public policy interest in deterring certain kinds of litigation misconduct: in *Berg*, the filing of a frivolous appeal, and [in *Dingley*], the failure to comply with a court order imposing discovery sanctions." *Id.*

The Ninth Circuit identified the legislative history behind § 362(b)

> which helps to define its application: Paragraph (4) excepts commencement or continuation of actions and proceedings by governmental units to enforce police or regulatory powers. Thus, where a governmental unit is suing a debtor to prevent or stop violation or fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay.

*Cont'l Hagen*, 932 F.2d at 832 (citing *NLRB v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 940 n.3 (6th Cir. 1986) (citing H.R. Rep. No. 595, 95th Cong., 2d Sess. 343)).

### III.   ANALYSIS

Ultimately, the Court concludes that the automatic bankruptcy stay is inapplicable to the contempt proceedings because at the time the Bankruptcy Petition was filed, the liquor—whose theft is the main impetus for the proceedings—no longer belonged to IPI's debtor estate. Moreover, the government regulatory exemption applies as the contempt proceedings intend to effectuate the Court's public policy interest in deterring litigation misconduct as in *Berg* and *Dingley*.

In October 2023, the Court appointed Clear as the Limited Receiver for the sale of IPI's Personal Property—in particular its liquor. The Court ordered that "IPI shall ensure and fund the security of IPI's Personal Property until it is sold by the Limited Receiver and delivered to the buyer." (Receivership Order ¶ 16.) This Court granted Gray's and the Limited Receiver's Joint

Petition to approve the sale of IPI's liquor and distribute the proceeds on January 24, 2024, and ordered the sale of the liquor to LCD pursuant to the terms set forth in the Memorandum of Sale (ECF No. 283-1 at 7-13). (Order Approving Sale 2.) When the Court approved the sale of IPI's liquor and distribution of the proceeds, the proceeds from the liquor sale were applied to Gray's judgment, net of Clear's expenses. (*Id.* at 2-3.) At this time, the liquor inventory was no longer a part of the debtor IPI's estate; it belonged to the buyer LCD.

The loss of the liquor was discovered by Christopher Craney on two occasions, on November 27, 2023, and on February 26, 2024. (Craney Decl. 3-4.) Neither IPI nor Clear take responsibility for the missing alcohol. (IPI Opp'n 6-7, ECF No. 292 ("It remains a mystery how the 17 bottles of Moutai were stolen from the locked storage room where Clear has exclusive access to, and the lock was not cut or broken . . . ." (citing Craney Decl. ¶ 23.).) Gray alleges IPI and Mr. Chi disobeyed this Court's receivership order directing IPI to secure its Personal Property, and that any sold property was to be secured until delivered, and this breach of the Court's order resulted in the stolen liquor. On the other hand, IPI alleges only the Limited Receiver had the keys to the locked liquor inventory and so Clear Management should be liable for the loss. Although it is presently unclear who is responsible for the theft of the liquor, it is clear that at the time of the filing of IPI's Bankruptcy Petition, the liquor belonged to LCD and was not part of the debtor estate such that the automatic bankruptcy stay does not apply to the show cause proceedings, which are premised upon the aforementioned theft.

Additionally, the "police or regulatory powers" exemption applies to these contempt proceedings because the intent is to effectuate public policy in deterring violation of this Court's orders. *See Dingley*, 852 F.3d at 1147 (citation omitted). "This is true regardless of whether the sanctions are initially pursued by a private party [such as Gray] or whether the sanctions award is ultimately payable to a private party." *Id.* (citation omitted). The Court has a public policy interest

in identifying who is responsible for the fraud committed against the Court—otherwise known as litigation misconduct—that resulted in the pre-petition loss of liquor. The Court finds that Gray's pursuit of "the collection of sanctions to effectuate the respective court's public policy interest in deterring certain kinds of litigation misconduct," in this case a violation of the Court's order by IPI, or the allegation of fraud by the Limited Receiver, falls under the exemption of the public policy test akin to that in *Berg* and *Dingley*. As such, the Court finds that the action is not stayed under the automatic stay.

IPI argues that Gray did not file a Federal Rule of Bankruptcy Procedure 4001(a) motion or relief from an automatic stay, which, if applicable, would require notice to IPI's creditors. (IPI Surreply 1, ECF No. 296-1.) However, because the government regulatory exemption applies, the automatic stay was never in effect for these contempt proceedings such that a request for *relief from an automatic stay* is not required. *See Lockyer*, 398 F.3d at 1107 ("A government unit need not affirmatively seek relief from the automatic stay to initiate or continue an action subject to the exemption."); *see also United States v. Hvi Cat Canyon, Inc.*, No. CV 11-5097 FMO (SSx), 2019 WL 13244539, at *1 (C.D. Cal. Aug. 26, 2019) (recognizing that "there is no need to lift a stay when none is in place" (citations omitted)); *Edward Cooper Painting, Inc.*, 804 F.2d at 939 ("[A] governmental unit which determines that its police power or regulatory proceeding is excepted from the automatic stay under § 362(b)(4) is not required to petition the bankruptcy court for relief from the stay prior to continuing its proceeding[.]"). Thus, Gray need not file a motion for relief from an automatic stay pursuant to Rule 4001 to seek enforcement of the Receivership Order.

**IV.    CONCLUSION**

For the foregoing reasons, the Court finds that the automatic bankruptcy stay pursuant to 11 U.S.C. § 362(a) does not apply to the contempt proceedings. The Court has a public policy interest in identifying who committed the theft of the sold liquor subject to the Court's receivership

order, and ascertaining the veracity of IPI's defense that it was the Limited Receiver that either breached the Court's Receivership Order or worse, committed a fraud on the Court.

    IT IS SO ORDERED this 22nd day of May 2024.

                                            RAMONA V. MANGLONA
                                            Chief Judge